## ¡ Mervin *against* M'Fadden.

Upon an article of agreement to sell and convey a tract of land, in consideration of a certain sum of money, that money cannot be recovered without proof of the tender of a deed before suit brought.

A waiver of the necessity of a tender must be proved, and must not be presumed.

ERROR to *Crawford* county.

This was an action of covenant by William and James Foster for the use of James Mervin, against John M'Fadden, upon an agreement by which the said Fosters were to sell and convey to the defendant a certain tract of land and three lots. The defendant was to receive a deed on the 1st of May 1826, when he was to pay 300 dollars of the purchase money, and secure the residue. William Foster, the legal plaintiff, was sworn as a witness, and said, that but 100 dollars of the purchase money was paid; that in September 1826 a deed was executed, which the witness took with him, and went to see M'Fadden, but who was not able *to pay; he returned* without making a tender of the deed. Some time after M'Fadden applied to him to make a deed for the three lots, without the land, which was refused. The witness told M'Fadden the deed was ready for him as soon as he would pay the money, but he never offered to pay.

The court below, upon this evidence, submitted to the jury, as a matter of fact, whether the defendant by his conduct had not waived the necessity of a tender of the deed before suit brought.

*Derrickson* and *Banks,* for plaintiff in error, cited, Pinkus *v.* Hamaker, 11 *Serg. & Rawle* 200; *Chitty's Black.* 303.

*Wallace,* contra, cited, Cassell *v.* Cooke, 8 *Serg. & Rawle* 287.

PER CURIAM.—There was not a spark of evidence of waiver, and consequently nothing to be left to the jury. When the witness, under whom the plaintiff claims, called on the defendant for payment, he omitted to disclose the very important fact that he had the conveyance in his pocket; and a naked default of payment is certainly not evidence of a waiver. Nor was the subsequent expression of a desire by the defendant to have the contract modified, more so. The information communicated to the defendant, that the conveyance should be ready as soon as the purchase money should be forthcoming, was neither a tender nor evidence of waiver; and the court was bound so to instruct the jury.

Judgment reversed, and a *venire de novo* awarded.